UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWIN BALL,

    Plaintiff,                          No. C 09-4929 PJH

    v.                                **ORDER**

ASBESTOS DEFENDANTS (B P),

    Defendants.

_____/

Before the court is a request for disqualification of the undersigned for personal bias and prejudice, filed by plaintiff pursuant to 28 U.S.C. § 144. The court has read and considered the request, as well as the response by defendant McDonnell Douglas Corporation ("McDonnell Douglas"). The court finds that the request must be DENIED.

This is an asbestos-related personal injury case originally filed in the Superior Court of California, County of San Francisco. On October 16, 2009, McDonnell Douglas removed the case, and requested that it be transferred to the federal asbestos multi-district litigation (MDL-875). On November 5, 2009, the Judicial Panel on Multi-District Litigation issued a Conditional Transfer Order, conditionally transferring the case to MDL-875. On November 13, 2009, plaintiff filed a motion to remand. On November 17, 2009, he filed the present request for disqualification.

Under § 144,

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144.

A judge finding a § 144 motion timely and the affidavit legally sufficient must proceed no further and another judge must be assigned to hear the matter. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. Id. at 868.

In his Affidavit of Prejudice, plaintiff asserts that, based on rulings in prior asbestos-related personal injury cases brought by other plaintiffs, the undersigned will in this case "refuse to hear or consider my motion to remand and will instead vacate my hearing date and stay this matter until there is a ruling from the JPML on its Conditional Transfer Order."

Plaintiff's affidavit fails to establish any basis for a determination that the court's impartiality might reasonably be questioned herein, and, consequently, is insufficient as a matter of law. Plaintiff's prediction that based upon rulings in other cases involving other parties this court is likely to rule similarly in this case, in the absence of any indication of bias or prejudice against him or in favor of defendant, is insufficient to warrant the relief he seeks. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); Sibla, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

Accordingly, the motion to disqualify is DENIED.

**IT IS SO ORDERED.**

Dated: November 24, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge